# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17CV2911 HEA |
| ) | |
| LINDA SANDERS, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before me upon review of the record, as well as review of petitioner's motion to transfer this matter back to the Western District of Missouri. After careful examination of the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, as well as petitioner's motion to transfer, the Court will deny petitioner's motion to transfer this matter to the Western District of Missouri. The Court agrees, however, with petitioner's request to interpret this action as one brought pursuant to 28 U.S.C. § 2241. Simultaneously with this Memorandum and Order, the Court will enter a Case Management Order in this action.

## Background

Petitioner filed the instant action in the United States District Court for the Western District of Missouri by placing his § 2241 petition in the prison mailing system at the United States Medical Center for Federal Prisoners in Springfield Missouri on May 31, 2017. Petitioner amended his application for writ on the court-approved form for filing § 2241 petitions on June 6, 2017, additionally filing exhibits showing that he had exhausted his administrative remedies with the Bureau of Prisons with regards to his claims. The Western District Court reviewed petitioner's application for writ on October 31, 2017, finding that petitioner's application should be construed as a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255 and transferred it

to the instant Court for review. After reviewing the petition in question, the Court disagrees with the Western District, and will interpret the present action as it was originally filed.

Petitioner was sentenced to thirty-five (35) months' imprisonment by the undersigned on May 9, 2016, in *United States v. Lee*, 4:06CR131 HEA, for violating the terms of his supervised release. The Judgment in petitioner's criminal case stated that petitioner's imprisonment, "shall run concurrently to the sentence imposed under Docket Number 4:16CR00120 RLW."

Petitioner was sentenced to a total term of imprisonment of fifty-seven (57) months' by the Honorable Ronnie L. White on August 30, 2016, in 4:16CR120 RLW. The Judgment in petitioner's criminal case in front of Judge White stated that petitioner's imprisonment, "shall run consecutive to the sentence imposed in U.S. District Court, Eastern District of Missouri, St. Louis, Missouri, under Docket No. 4:06CR00131-1 HEA."

## Discussion

"The exact interplay between § 2241 and § 2255 is complicated, [and] an explication of that relationship is unnecessary for resolution of this [case]," *Cardona v. Bledsoe,* 681 F.3d 533, 535 (3d Cir.2012) (citing *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997)), [however] it is enough to state that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002).

As example, claims attacking plea agreements are raised in § 2255 motions. *See, e.g., Hodge v. United States,* 554 F.3d 372, 374 (3d Cir.2009); *United States v. Williams,* 158 F.3d 736, 737–40 (3d Cir.1998). On the other hand, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," for instance, by raising claims attacking the Bureau of Prisons ("BOP") calculation of his prison term or designation of his place of confinement if it yields a "quantum of change" in

the level of his custody. *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir.2005) (quoting *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001)); *compare Ganim v. Fed. Bureau of Prisons,* 235 Fed.Appx. 882 (3d Cir.2007) (a change in the geographical locale of imprisonment cannot yield the requisite quantum of change).

This Court is confused by the Western District's interpretation of petitioner's application for writ as a § 2255 motion when he is clearly asserting in his petition that the BOP erred in interpreting this Court's sentence as a consecutive sentence rather than a concurrent sentence with Judge White's sentence. The matter of an execution of one's sentence falls clearly within the confines of a § 2241 matter and not a challenge to a conviction, which should be brought pursuant to § 2255.

The Court's stated goal was to sentence petitioner concurrently with Judge White's sentence in 4:16CR00120 RLW. Therefore, the Court will order full briefing on the best way to effectuate this Court's intentions.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request to transfer this case to the United States District Court for the Western District of Missouri [Doc. #20] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request that this action be construed pursuant to 28 U.S.C. § 2241 is **GRANTED**.

**IT IS FURTHER ORDERED** that a Case Management Order will be entered simultaneously as this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall add as a respondent in this action the local Assistant United States Attorney, Tracy L. Berry.

Dated this 18th day of January, 2017.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE